## In re: Proposed County Road in Sugarloaf and Black Creek Townships.

*Highways—County roads—Petition to improve—Refusal of appeal—Act of July 12, 1919, P. L. 918—Act of May 11, 1911, P. L. 244.*

An order refusing a petition to improve a county road under the Act of July 12, 1919, P. L. 918, amending the Act of May 11, 1911,

P. L. 244, is a final order. Any appeal therefrom must be taken within six months of the date of the order of the court.

Inasmuch as the act does not provide for the taking of exceptions, an order of the court dismissing the exceptions erroneously taken does not suspend the running of the time, wherein the appeal must be perfected.

An order of court dismissing exceptions "as of September 3, 1923" cannot be regarded as a nunc pro tunc order, and an appeal taken after a period of six months will be quashed.

Argued March 3, 1925. Appeal, No. 37, Feb. T., 1925, by Sugarloaf and Black Creek Townships, from decree of Q. S. Luzerne County, April Sessions, 1923, No. 323, In re proposed County Road in Sugarloaf and Black Creek Townships. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal quashed.

Petition to improve county road under the provisions of the Act of July 12, 1919, P. L. 918. Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. The townships appealed.

Error assigned was the decree of the court.

P. L. Drum, for Sugarloaf Township, and F. T. McCormick, for Black Creek Township, appellants.

No appearance and no printed brief for appellee.

PER CURIAM, May 4, 1925:

The proceedings in this case were had under the Act of 12 July, 1919, P. L. 918, which amended the Act of 11 May, 1911, P. L. 244. The third section prescribes the order of procedure. After action taken by the county commissioners they shall prepare plans showing the road to be improved, which plans are to be presented to the court of quarter sessions with a petition describing

the road and the cost thereof.  A reference to a grand jury follows.  A hearing is provided.  If the grand jury approves it certifies its action to the said court, "whereupon the court shall make an order fixing a time, not less than five days thereafter, within which exceptions to said petition may be filed.  Upon the hearing thereof, the court may, for proper cause shown, disapprove of said application; otherwise said court shall approve said application, and shall thereupon make an order authorizing......such road."

The court in this case entered an order disapproving the road.  This was a final order.  No further proceedings are contemplated by the act so far as the lower court is concerned.  If any party aggrieved desired to appeal from this order under the law existing at the time the above order was made, such appeal had to be taken within six months of the date of the order.  The appellants after the order was filed without any warrant for such action, filed exceptions thereto.  Such act did not suspend the effect of the order.  The final order disapproving the road was entered August 16, 1923.  On December 5, 1924, the court entered the following order: "December 5, 1924, as to September 5, 1923, exceptions dismissed."  It will be seen that the appeal which followed the order of December 5, 1924, was taken long after the six months fixed by the statute had passed.  As we have already said, the exceptions filed to the order of August 16, 1923, amounted to nothing not being authorized by law.  Nor could the court by a nunc pro tunc order, or the insertion in the order of December 5, 1924, of the words "as of September 3, 1923," suspend the running of the time wherein the appeal had to be taken.

The appeal is quashed.